UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALFRED SUNIGA, III, | ) | 1:10-CV-00090 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION FOR STAY AND ABEYANCE |
| v. | ) | |
| | ) | [Doc. #1] |
| MIKE McDONALD, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented in this action by David R. Mugridge, Esq. Petitioner has consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

On December 29, 2009, Petitioner filed the instant petition regarding his 2005 murder convictions in Tulare County Superior Court. Petitioner concedes the petition contains two claims which have not been exhausted in the California Supreme Court. He requests the Court stay the proceedings and hold the petition in abeyance pending exhaustion.

**DISCUSSION**

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d

981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997).  However, the Supreme Court recently held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277.  Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

In this case, the Court finds good cause to excuse Petitioner's failure to exhaust. The two additional claims were discovered by habeas counsel after conducting a several-month-long investigation. Petitioner states the investigation took such a substantial amount of time because the claims involve ineffective assistance of counsel, and trial counsel has been uncooperative. Further, by the time Petitioner filed the instant petition, the claims had already been presented to the lower state courts. Therefore, the Court will grant a stay of the proceedings so Petitioner can complete exhaustion of the two additional claims.

However, the Court will not indefinitely hold the petition in abeyance. Rhines, 544 U.S. at 277.  Petitioner must proceed diligently to pursue his state court remedies and must file a status report every ninety (90) days advising the Court of the status of the state court proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days to notify the court of completion of exhaustion. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Rhines, 544 U.S. at 278.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the petition and hold the exhausted claims in abeyance is GRANTED;

2. The instant petition is STAYED pending exhaustion of Petitioner's state remedies;

3. Petitioner is DIRECTED to file a status report within ninety (90) days of the date of

service of this order advising the court of the cases that have been filed in state court, the date the cases were filed, and any outcomes;

    4. Petitioner is DIRECTED to file a new status report every ninety (90) days therafter; and

    5. Petitioner is GRANTED thirty (30) days time following the final order of the state courts in which to file a final status report.

IT IS SO ORDERED.

**Dated:   February 9, 2010**              /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE