# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED SUNIGA, III, | )    10-CV-00090 GSA HC |
| Petitioner, | ) |
| | )    ORDER SETTING DEADLINE FOR FILING |
| | )    OF AMENDED PETITION |
| v. | ) |
| | ) |
| MIKE McDONALD, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

      Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is represented in this action by David R. Mugridge, Esq. Petitioner has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

      On February 9, 2010, the Court issued an order granting Petitioner's motion for stay of the proceedings pending exhaustion of state remedies with respect to two claims. Petitioner was directed to file a status report within ninety (90) days of the order and every ninety (90) days thereafter. Over the course of the past year and a half, Petitioner has not timely filed any of his status reports, and the Court has repeatedly found it necessary to order Petitioner to timely comply. Most recently on January 26, 2011, the Court noted Petitioner had not timely filed a status report advising the Court of his progress in the state courts. The Court ordered Petitioner to do so and reminded him of the

1    schedule of filing status reports within ninety (90) days of the last report.  On January 28, 2011,

2    Petitioner filed a status report.  Thereafter, Petitioner delayed filing his next status report again, this

3    time filing it on May 19, 2011, almost one month after it was due.  Petitioner advised the Court that

4    state exhaustion was concluded and an amended petition would be forthcoming.

5         In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court stated that the district

6    court's discretion in structuring a stay is limited by the timeliness concerns reflected in AEDPA.  The

7    Supreme Court stated that district courts "should place reasonable time limits on a petitioner's trip to

8    state court and back." Id. at 278.  The "'[District court] should explicitly condition the stay on the

9    prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is

10   entered *and returning to federal court within a similarly brief interval, normally 30 days after state*

11   *court exhaustion is completed.*" Id., *quoting* Zarvela v. Artuz, 254 F.3d 374, 381 (2nd Cir. 2001)

12   (emphasis added).  "And if a petitioner engages in . . . intentional delay, the district court should not

13   grant him a stay at all." Id.

14        State court exhaustion having been concluded on May 11, 2011, Petitioner is advised that the

15   amended petition is due **on or before July 22, 2011.**  Failure to timely comply will result in vacating

16   the stay.

17        IT IS SO ORDERED.

18   **Dated:    July 8, 2011**              **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28